Mr. Geoghegan for the appellants, Mr. Hudson-Platte for the appellees. Good morning. Good morning to counsel as well. I'm Thomas Geoghegan and I am counsel for the plaintiffs' appellants and I'd like to reserve three minutes of my time. On two major grounds, the trusteeship of District Lodge 142 is illegal and even void of an issue of no effect to quote the leading law of the circuit. And under the law of the circuit, the elected leadership should be reinstated, should go back to the status quo before this void trusteeship was put in place. Let me just clarify a couple of things. The trusteeship, though, did not impose the elected leadership. That happened prior to the trusteeship, right? The formal trusteeship did not. But trusteeship has a functional definition under 402H. It is any method of control or supervision. It's important to keep in mind that when the LMRDA was passed in 1959, parent unions had all sorts of names for things that were trusteeships but were not formally called trusteeships. The removal of the plaintiffs without any notice as to the specifics was on January 25th and the trusteeship notice was on January 26th. They were twin. And the removal of the elected leadership, the elected leadership of a District Lodge of 20,000 members, their elected leadership, summarily without any hearing by one person, defendant Cervantes, not even by the entire IAM, just by her, is certainly a method of control or supervision and a trusteeship. And I will use those terms. I will use the broader term of trusteeship. Why is there a Title I of the act? I don't understand. Well, Title III is, as various courts have pointed out, including the Sixth Circuit, we cited Thompson, it's for the District Lodge itself. It is a claim of the District Lodge on behalf of the entire membership. The Title I is an individual claim of the officers to prevent the removal for speech. However, the Supreme Court in Lynn qualified that individual nature. In Lynn versus Sheet Metal Workers or Sheet Metal Workers versus Lynn, the Supreme Court said, oh, no, this is not just an individual claim. If the elected officers are being removed because of their speech, the members who elected them or represented by them are also chilled with respect to their speech. So even the Title I claim has a dimension that is collected in the Supreme Court's understanding of Lynn versus, the Supreme Court's statement is the rationale for Lynn versus Sheet Metal Workers. And the Title I issue remains in this case. We have a separate Title I count, as this Court is aware of, and that removal for speech has a chilling effect. It is not that we are seeking to lift the trusteeship under Title I. We did say that in the original complaint, that that was one of the prayers for relief. But we can see that Title I is not a remedy for lifting the trusteeship. But it is clear from Lynn that officers do not lose their elected positions because of speech and just because a trusteeship is in place. They retain them and they retain all their rights. And in this case, there would never have been, Your Honor, there would never have been any trusteeship without the removal of the officers. This was payback. It was revenge against Scott Anderman and Supley for challenging her for election and for calling her out for financial fraud. Let me turn to another issue. The statute specifically says that a trusteeship can be authorized or ratified after a fair hearing. Do you agree with that? That's correct. As interpreted by this Court in the mind work. I'm asking you what the statute says. The statute says it can be authorized or ratified. That's true. Are you taking the position that if the trusteeship is imposed without a hearing and without a valid finding or presence of an emergent. But then within a short time afterwards, there is a fair hearing in the grounds, which is for the sake of this hypothetical, the grounds to justify trusteeship are proven at that subsequent hearing. Are you saying that that can never cure or be the basis of the imposition of a trusteeship if there had been an invalid trusteeship imposed? Yes. And why would that be given what the statute says? Because as this circuit pointed out in the mind workers decision, it begs the question is whether there is a fair hearing. There was no emergence. And if I don't see any argument in your brief that this wasn't here. But if yes, there is an argument that is not a fair hearing. We say, first of all, the district lodge, once it is sidelined, no longer is able to present a case. There was no district lodge to protest this trusteeship. And second, nobody showed up at the hearing. People showed up, including the lead. But your clients didn't show up. But they were removed on February. The trusteeship hearing was on February 16th. They were removed by Cervantes. They were not just removed on January 25th. They were then banned on February 9th, a week before the post trusteeship. So they were prohibited from participating in the hearing? They were prohibited from representing the district in any capacity. That was the, you can't, you have no ability as a member anymore to represent the members. Is that a full-time position? It was a full-time position. And both of your clients, they were full-time? That's right. Secretary, treasurer, and president. You know, I wonder, you keep mentioning mind workers. The statute itself does not require a hearing for a trusteeship to be imposed. It only says that if the hearing is, if there is a hearing, and it's a fair hearing, and it may be before or after, then there's an 18-month immunity. But the statute doesn't require a hearing. And in mind workers, there was no hearing. Correct? That's correct. So anything that mind workers said about what the situation should be if there had been a hearing after the trusteeship or before is totally dicta. And I don't see any case in our circuit that has ever adopted that proposition. Maybe a district court case, but I'm talking about in this circuit. Is there any? Well, mind workers is that case because mind workers says, Your Honor, mind workers says that if there is no, it questions the good faith of the parent union, if it doesn't provide for a hearing. And it gave specific guidance that not just mind workers, but this circuit, again, in mail handlers affirmed in 1989 the same rule. It was very specific guidance going forward. Mind workers was a case where there was an emergency imposition of trusteeship. And then without a hearing, but there was a declaration of an emergency, as I recall. And then they noticed the hearing and the local tried to enjoin that hearing because they said that that hearing would interfere with elections or local union business. And that was denied. And then the hearing took place and the trusteeship was imposed or ratified. And there was a proceeding by the national to enforce the trusteeship. And the court said, well, that's, that's a, you know, moved or not really right now because that's going on before the district court and the district court should act and then will act. That presumes then that that trusteeship had been enforced, right? Well, so if it couldn't be ratified, so to speak, by hearing after the fact, then there would have been no reason in mail handlers to say anything about, you know, a possible action on a motion to enforce that trusteeship. But the validity of that trusteeship hearing wasn't before the court and mail handlers. The mail handlers was concerned with a second independent trusteeship for a failure to hold an election. The first one was for financial fraud. And the court said that because of proceedings, actually, I think the magistrate judge became sick because of proceedings down below. This is moved. We've moved past it. And we're just focused on this second financial fraud, but the trusteeship for not holding an election and that trusteeship. The court did apply to mineworkers rule and said that the district court couldn't enjoin the pre trusteeship hearing, but after it was held or the prior hearing, it could enjoin the imposition of the trusteeship. I would like to go back to Judge Randall's question as to whether or not there could be a fair hearing. In this case, it's a perfect example of what happened. First of all, there are no prior hearings. There are no prior hearings under the IAM constitution ever. It's always shoot first and ask questions later. The district lodge has been sidelined. It has no institutional voice, which is the whole point of the statute is to give the district lodge or the subordinate body a voice. They don't have a voice in the post trusteeship hearing. So it's problematic to have this statute that says, oh, the district lodge can protest and present its case to the, to the parent union when the district lodge has already been incinerated, more or less legally. Before you sit down, there's a question that's actually a preliminary question that I'd like to ask you a few questions about is the mootness argument. Yes. And your account was account six is the title one. It is the count six. Yes. And that's clearly account is clearly not moot because you're seeking back pay. That's correct. Which is why they had, they were so, so that count is not moot, but, but we have to remember we're here on a, an appeal from a denial preliminary injunction. And I'd like you to address the question. What kind of an injunction can be issued now, since there's been so much water over the dam and there've been there, there are new officers who have been elected. No, not yet. Well, they come, they take office in January. What there has been no election yet. Oh, I thought it was supposed to be on the 29th of November. It, to my knowledge, there has not been an election, but I, there's something in the record. And I, well, there, there, there, the allegation here by maybe I misread this, but I thought from the from the defendants was there, there was a new election scheduled for November 29th. Well, let me address the question is to the new election. First of all, that election is void because the elected leadership has been barred from running. But more important, if this cost you ship is void, I'm an issue. Then this current union, I am, has no legal authority to conduct the election. And yes, of course, to go back to the status quo and to reinstate the elected leadership. And by the way, there was an elective election going on in February and January and February of earlier this year, that was stopped by the parent union. And now there's a new election. I understand your point. It is. And I'd like the defendants to, to address this. The point is it's not moved because. Forget about the camp six. Okay. For the moment. It's not moved because they were barred from ever running again. So even if there was another election, an injunction that a preliminary injunction would prevent. The bar and you'd have to have a new election. That's that's that's your point. Well, or go back to the old election. There was an election going on. Yeah. And if we went back to the status quo, that election would just play out the way it had before. So if it's void, it's void. They have no authority to conduct it. But, but more to the point. It's not just the title one claim. That where there's a chilling effect on the members. If the members are having an election where the rule is, you cannot put in place anybody who is going to challenge the bounties. Or financial fraud, or you will be trustee. They are not then able to have officers of their own choosing. There is a continuing irreparable effect. Not just from the title one claim, but from the title three claim. Because there's an enduring structural effect from the title three. All right. Let's suppose I was sake of argument. That we were to find that the initial imposition of trusteeship was void ab initio. Because there was no declaration of an emergency or emergency basis. For doing so without a hearing. But we found that. Eventually there was a hearing. And those grounds. Satisfy and justify. The imposition of the trusteeship on. 17. And so. So there was a void trusteeship from. January 26th, March 17th. But then. It was not. After that. What. What are. What grounds would there be for. What injuries. Resulted from. That period of weakness. Justify. The imposition. But judge, it's not just a limited period. And suddenly it becomes. It's void from the inception. So what the relief in this case would be. To reinstate. And go back to have a prior hearing. Again, with. Let me, let me ask it this way. Suppose a district court judge. It's the motion for preliminary injunction. Complaint. Motion for a preliminary injunction. A bunch of declarations. In a proposed order. And without even hearing from the defendants. Signs the order. And says. Enjoy. That's you know, that's unfair. We want to file our pleadings. We want to have a hearing. And the judge. It's all the pleadings. As a hearing. And then signs the same order. And says. You know, I found a basis for. Entering the injunction and I'm entering it. And signs. And it comes up to us on the field. And we find that. What the judge initially did. Was in there. But what the judge did after the hearing. Was not. Supposed to vacate the second injunction. Well, as I understand the question. What should have happened in that case is that. The parent union. Can just. Restore the. They can have another prior hearing. That's not. But they have to go back through the trusteeship. Procedure and there's one other thing that I wanted to get in. I'm sorry. Before I said. You're not answering my hypothetical. My hypothetical is, is that if the district court. Enters an erroneous order. But then follows the correct procedure. And later in there's a proper. We're supposed to vacate the second order because. I'm sorry. The first one was. In joining the trusteeship. For anything. It doesn't even have to be a trustee. Be an injunction over anything. I'm just. Asking. What a court is supposed to do or how it works. If a body. Takes a void action. Legal action subsequent. That has the same result. Well, we do generally in that. I think that. That's taken up in the mail handlers case where the district court said. You cannot. Enjoy this. Pre prior hearing. You can't do that. But you have to let that go forward. That doesn't mean you lose the jurisdiction to bar the reimposition. The trusteeship. This situation is different. Because the lack of jurisdiction or the. The lack of a fair hearing. The lack of a fair hearing. The lack of a fair hearing. Results from not having this prior hearing, which is. Which is necessary. Accept an emergency to a fair hearing. I mean, the hypothetical that. Well, what is the fair hearing later? Is begs the question as to whether it can be. But the district lodge removed when they didn't have to do it. They didn't have to do it. They could have had the prior hearing. And in this case in particular, it's very important to stress. That the. Trusteeship. At no authority. The block, the original trusteeship. It was wrong. Just talk about continuing it. And it had no authority. No authority to reinstate the elected leadership. Because of this slice and dice. Oh, well, we didn't remove them because of the trusteeship. When in fact, it did. That's the functional definition of. So the panel. This so-called post trusteeship hearing. Didn't ratify the removal of the officers. The post trusteeship hearing said. Hey, we don't have any authority to look at that. Which was the whole point of the trusteeship. Why should the plaintiff show up at a hearing? Where they can't be reinstated. And they've just been fined. $265,000 each a week before. Or and told never. Dare to try to represent the membership again. I mean, they were terrified. Obviously. And there was no district lodge there to present a case. And that's why a post trusteeship. What has happened to the $270,000? Has that been paid? No, we're still appealing. You're appealing that within the union. Within the union. And it's been upheld at this point. So, and the band has been increased from five years to forever. They can never hold an office. Basically because of the phone bill. All right. Any questions? Judge Rogers. No. All right. Thank you. We'll give you some time on rebuttal. Thank you. All right. Mr. Hudson plush. Good morning. May it please the court. I've been Hudson plush Cohen Weiss and Simon LP for the appellees defendants. This case involves an interlocutory appeal. The denial plaintiff's motion for a preliminary injunction. Mandatory preliminary injunction. Seeking to lift the trusteeship imposed by an international union. International Association of machinists. I am also known as the grand lodge. Over one of the subordinate bodies district lodge 142. The case involving internal union affairs. I'm a member of a union trying to stop serious financial malpractice in a statute. The LMRDA, which presumes the trusteeship. Is validly imposed for a period of 18 months. Before the merits, however, I did want to address. The jurisdiction of this court to hear this appeal and might have intervening events. And asking or going directly to judge Randolph's question. Yes. Elections have happened on the 29th. On the 29th of November. And they will be held on January 3rd. Not only have they happened. But the results. The ballots have been counted. Members have been notified. The election has been certified. New officers are elected. And they take office on January 3rd. So they will be seated on January 3rd. Oh, perhaps. To offer. An affidavit of some type for the record in this case, because all we have is your brief citing something on a website. Thank you for that suggestion. Your honor. The website is the website of the district lodge. And those are the official results of the election. But if. That's not part of the record of this court. I don't know. Because it goes to subject matter jurisdiction, the court can. Consider it. The affidavit. I mean, you're making representations here today. Not only was the election schedule for November 29th. But it occurred and blah, blah, blah. Yeah. You're right. It was certified. I believe two days ago or one day. An affidavit. In the record for this court. Absolutely. We can, we can do that. Maybe you can just talk to counsel for the plaintiffs and get a stipulation. Sure. I will. I will gladly do that. Take the issue. In other words. And the fact that this election has occurred triggers another provision of the LMRDA. LMRDA title four. It was run. The election was run under title four. As you noted in that brief. Under title four, there's a provision. 29 USC for 83. Which says the exclusive remedy for challenging an election. Already conducted. Is through the secretary of labor. It means the challenge that election is to go to the department of labor. First, you file internal challenges within the union. And you go to the deal. What is the site on that? Again, 29 USC for 83. Thank you. And it's been interpreted by the Supreme court and local 82 verse Crowley, which is four 67. Us 526. So read statement is just no longer relief that is available to plaintiffs for numerous reasons. Number one is title four. Number two is that. As counsel acknowledged, they were not removed pursuant to the trusteeship. Pursuant to the shortage, which is a financial procedure. Article seven, section five. And while his argument is that, that it's really. You know, tomato, tomato. You may say that, but it was really the trusteeship. What's your response. Well, they were removed the day before. And I believe his argument. Is that that removal in and of itself was a trusteeship under the definition of trusteeship under the LRDA. And there is black letter law on that, that the disciplinary removal of officers is not a trusteeship. The lead case is marked here versus laborers for 10 second, 32 out of the third circuit. And so that was not a trusteeship. So they can no longer be. Third circuit. So, so what about the. The fact that the constitution. Of the. The national union seems to be in conflict.  With at least. Our mind workers case that interprets. The. Statutory requirement of a hearing. Prior to. The imposition of trusteeship. Two responses. First, I do believe that mine workers cases. Because the constitution in that case had no trusteeship. Provision whatsoever. There was no provision whatsoever. And there was no hearing ever held there. That being said. The way to read. This constitution. And conformity with that decision, even with that distinction. Is that when the president believes that they're. In the language of the constitution. It is necessary to impose a trusteeship. It is necessary to impose a trusteeship. To correct financial malpractice that constitutes. And the need for immediate actions. That you need to go in there. You need to put that trusteeship in before the hearing. Because there is financial malpractice going on. You would not want those. You're accusing of financial malpractice that access to the bank. Was there evidence in the audit? That documents. Records were being destroyed. The, the evidence of the record disruption. Is that after. The plaintiff Scott Anderman was removed. Pursuing to the shortage. She was to return her phone. And it was a district lodge issue. Rather than returning the phone as is. She, she wiped the clean. Such that they no longer had access to whatever. That's an additional reason, isn't it? For immediate action. Yes. And I briefly noted that that was one reason. Another reason was that. Four days or three days prior to imposition of the trusteeship. The auditors had interviewed the former bookkeeper. Who is no longer there. And that bookkeeper informed the auditors for the very first time. That president something had directed her. But fraudulent numbers. Fake numbers onto W2 forms, federal tax forms. Which was highly disconcerting. Okay. Sorry. So what if we believe that our precedent requires us. To. Only. The imposition of a trusteeship. Without a hearing, if there was a declaration of emergency. There was an emergency that. Justified it. And we find that. That. The district court shouldn't have found such an emergency. Because. The district court. The defendants below. They were relying on such an emergency. They said, no. Your honor, we did say no. And we said, no. The reason was to us. It was so clear under the laborers case. Once. A fair hearing is held. That whether there was an emergency or not is irrelevant. We have not weighed, however. And there are cases on this. The ability to defend the district court's decision. That there were in fact, emergency circumstances. So, though, we believe your honors do not need to reach that question. Because the laborers case is clear that, that, that. I am. Not, not certain about this, but. I just want to ask you. In the other circuits. Is there such a law that says that you. Unless there's an emergency, you have to have a hearing before. A trustee should. In the second, third. Fourth and fifth circuit law is very clear that you do not need to have an emergency to impose the hearing. So long as the impose the trusteeship. So long as the constitution still allows. And the hearing is held reasonably promptly. Are there any circuits going the other way? I believe the 9th circuit. Okay. Thanks. And. And I just want to address the facts of laborers because they, they are. They are a little confusing. But directly on point as understood. On June 28th, there. The union, the international union imposed. Emergency supervision. Without a hearing. The word supervision there is synonymous with trusteeship purposes of title. Then on July 28, then. The local refused to allow the trusteeship to be imposed. So the international went to court. To enforce the trusteeship. And the district court used to enforce it because it said there was no emergency. That case then goes up on interlocutory appeal for the circuit. In the meantime. The hearing is held. And on August 2nd, general executive board votes to continue the trusteeship. This court is then confronted. With the question of whether. It needed to address the district court, July 28 decision. Refusing to enforce the trusteeship and the courts of Noah. We don't need to do that. That's moved. That is no longer relevant and. The plaintiffs say, well, they're actually referring to a different trusteeship. And there was another procedure. And that other trusteeship was the reason for them. But that's wrong. I'm page 1393 of that. The decision was certainly very clearly. Indicates that the reason for the movement. This was quote. The supervision voted by the general executive board. In August 2nd, after a hearing before a special final. So it is quite clear. In our view. That that renders irrelevant that decision and. The way to read that decision. In conformity with my work. To say to the extent it was. Mine workers uses the term void of an issue. That it was void of an issue from the time it was imposed. Until there was a fair here. And that again is clear because in my numbers, there was no fair hearing. And the vocal had disaffiliated, including a fair hearing. Well, they argue that there was no fair hearing here and couldn't have been a fair. Well. There was a full day. Of hearings. There was 28. Exhibits entered. There were. Before three uninvolved members, a trial committee of three involved members, there was a sonographer. Everyone was invited. The plaintiffs were sent letters. To the district attorney's office. Telling them they could attend. And that they would have the right to enter evidence. Cross examine witnesses. Challenge the trusteeship. And they did not appear. There are. Your friend on the other side says, well, they, they weren't allowed. Speak on behalf of the union. So how could they appear? That is wrong. They were permitted to appear and speak on behalf. Of district law. 142. Why the trusteeship was not imposed. They were no longer officers at that time. They were at that time. Temporarily. It was not permanent yet. Temporarily suspended subject to an evidentiary hearing. Under the shortage proceeding. Subject to an appeal. Under the shortage. Proceeding, but they absolutely could attend. And challenge the trusteeship in, in that hearing. The. And just to. Briefly touch on. The procedure and article six. The, the international president found that there was. Significant financial malpractice. Why do you put impose the trusteeship, which has been. Found to be valid by the trial committee. And I just wanted to quickly go over what some of that. Financial discount that was the plaintiff. The secretary treasurer Scott and himself authorized. Payments directly into our own bank account. Without any documentation. Or, or, or approval. I've already mentioned the fraudulent W2s. And third, there was a $270,000. Account. In contemporaneous. Emails that are in the record. Acknowledged is grand lodge money is international money. He moved out of the general account. Into a separate account. Not properly disposed. That was labeled a building corporation. On top of that, the others found that the. District spending $200,000 additional over the course of 5 years. On phones and electronics, 196 devices. For 18 numbers, there's 18. As well as $50,000 for overpayments and vacation. In vacation. Were the payments for the. For the phones or electronic devices. Were they made to. For example, Apple or, or. A carrier Verizon or something. Right. It's right. Okay. Before you. Run out of time. The plaintiffs say. As I understand it, that the case is not moved. Because as part of the trusteeship. That that was imposed, they were barred from. From running for office. And so the fact that there's been new officers. Elected wouldn't matter because they were entitled to. An injunction. Reinstating them. Can you respond to that? Yeah. I have seen no case. Standing for that proposition, but I think the boilerplate lies. Once an election has occurred. Under title four of the LMRDA. The solely exclusive means. To challenge that election. So. They could have. Maybe should have. Challenged that election internally. I don't know if they will or did. Internally. Secretary of labor can then decide whether to overturn the election. But it's no longer within the province of this court. And the only relief that they could get on a preliminary injunction. Would be to. For an injunction would be to reinstate them as officers. And you say that would be in effect. Challenging the results of the election. Correct. Okay. And the other basis they saw. In their request. But again, that elections happen. So that. But they couldn't run. Sorry, but they couldn't run in the election. Correct. Okay. All right. Judge Rogers. Any other questions? Oh, thank you. All right. Thank you. For Gagan. We'll give you three minutes. Okay. So. The mail handlers did not. From a post trusteeship ratification. For failure to hold a prior hearing. What happened in that case was there was no. An emergency supervision. And by the way. I focus on the word emergency. The claim of the laborers was this is an emergency. The district court said, no, it isn't. So it didn't go into effect. Then they. So there was no trusteeship ratified. Then they had a hearing. Of our emergency supervision later that laid it out in more detail. There wasn't a hearing. And the court said, well, this is good at this point. And they focused on the second trusteeship. There was never a post trusteeship hearing. To ratify. And in this case, as I stated earlier. In this case, there, there can't be a fair hearing. If in absence of emergency, no reason to. Not to hold a prior hearing. The current union. Gets rid of the district. That is supposed to make a protest. Beds. And finds them. Can you tell me. Can you tell me what. You're seeking. A reversal of the denial of a preliminary injunction. Now, what kind of injunction are you seeking? What would the terms of the injunction be at this stage? After the trustee ship going to expire. And there's been a new election or new officers. What sort of injunction are you talking about? The status quo. Reinstate the plaintiffs as elected officers. Allow the election that was going forward. And this was only. This wasn't a long time ago. But you have to, you have to address the defendant's argument. That to do that, the district court. And it's ordered, we'd have to set aside. The election that's occurred and you can't do that. Without going through the secretary of labor. That's not true. Because under these, this court's. Decisions in both mail handlers. And Brandon versus mine workers. This court has broad equitable power. To correct a violation of the trustee ship. Title three. The secretary of labor under title four. Doesn't even take cognizance. So that has to be read. That 483 provision that council quoted. Has to be read with the broadest equitable authority. That this court recognized in Brandon versus mine workers. And in mail handlers. To undo the effects of the trustee ship. Congress was very concerned. About these intrusions. And there is. If the election hadn't been held. It would. First of all, the election was held on an expedited basis. The movements. It was speeding up after this appeal was. And the attempt here is to argue to the court. We're out. You can't touch this anymore. But there is a continuing irreparable. Remember the members. Have not been allowed to have offices of their own choosing in this election. Because of the trustee ship, because of the irreparable injury. The secretary. Set aside the election. Wouldn't you be able to get all of these remedies that you're. Asking the court now. The order. That's fine. The order is very simple. And that is a, the trustee ship that was imposed on January 26. To my question. I'm not sure that I heard it properly. I think it was a little static. I apologize. Sets aside the election. Then. Are not the remedies you're speaking of available to you. No. Why not? Because. For one thing. The. If the secretary of does set the side of the election. It has to have it do so under a title four provision. We have a title three. Challenge. To the authority of the IM to conduct the election at all. I understand that. And the secretary can take all that to account. If you raise these issues. And suppose the secretary decides to set aside the election. The secretary. Might in its discretion, do that or might not. In this discretion. The secretary. Deal with my hypothetical, please. If the secretary sets aside the election. Then are not the remedies. You're talking about now available. No. Why not? Because as this court pointed out in mine workers. There is. Even for a title three violation. There is a remedy of damages. There is for the district lodge for its losses. As a result of the unlawful trusteeship. Showing effect. That there is a need in particular. For a ban on the re imposition of a trustee ship. No, it is not moved. And you cannot get that relief under title four. I don't know. That would bother. And setting aside. The election. And then you can pursue these other matters. If you say the secretary has no jurisdiction. Oh, the title three argument. First of all, the secretary can not set aside the election. Only a district court can decide set aside the election. If the secretary brings a lawsuit. And second, we cannot get the relief that we're seeking here, which is. Barring the re imposition of the trustee ship. Ending this reign of terror. At the top of the IAM. Every time, every person. Who has. I get your. Okay. In fact, this might be the best way to conclude it. Every person who has called out defendants. For financial investment, which she has not denied. On a massive scale. It's been systematically removed. Admittedly appointed officers. I am Scott. Fund, $265,000 for daring. To raise the investment charge. Supply the same. That's what's going on. Systematic suppression of dissent. That's what title three entitles us. To have this court. Enforce the. And let members have officers of their own. And let members have the freedom to choose. Even if they call out their leadership. For massive union corruption. Thank you counsel.
judges: Wilkins, Randolph, Rogers